# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3618
_____

United States of America

*Plaintiff - Appellee*

v.

Avery Jamal Edwards

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: October 21, 2024
Filed: November 14, 2024
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Avery Edwards pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and received a 96-month prison sentence. He argues that the base offense level the district court[1] adopted was too high because his prior Arkansas

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

conviction of delivering methamphetamine is not a "controlled substance offense" under the Sentencing Guidelines. *See* U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(b)(1).

As Edwards candidly admits, *United States v. Henderson*, 11 F.4th 713, 717–19 (8th Cir. 2021), stands in the way of his argument. We held there that, under the "plain meaning" of the Sentencing Guidelines, a "controlled substance offense" covers more than what is prohibited by federal law alone. *Id.* at 719. It also "include[s] prior convictions for controlled substance offenses 'under . . . state law,'" *id.* (quoting U.S.S.G. § 4B1.2(b)), regardless of what the federal drug schedules say, *see* 21 U.S.C. §§ 811, 812. Following *Henderson*'s reasoning, Edwards's conviction for delivering methamphetamine counts. *See* Ark. Code §§ 5-64-422, 5-64-419. We accordingly affirm the judgment of the district court.

_____